UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREE SPEECH FOUNDATION,
INC. and JOSEPH GILBERT, an
Arizona nonprofit corporation,

    Plaintiffs,

v.                                        Case No.:   2:22-cv-714-SPC-NPM

SIMONE GOLD,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiffs Free Speech Foundation and Joseph Gilbert's Verified Complaint for Injunctive Relief and Damages.  (Doc. 1). Although not stated in the title, this is not just a Complaint: it also "seeks an emergency injunctive relief pursuant to Fed. R. Civ. P. 65 and L.R. 6.01, to restrain and enjoin Defendant, Simone Gold." (Doc. 1).  It is not exactly clear whether Plaintiffs want a temporary restraining order ("TRO"), preliminary injunction, or both.  The Court, however, construes this filing as an emergency TRO given its language regarding "emergency injunctive relief," citation to

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

M.D. Fla. R. 6.01 (Temporary Restraining Order), lack of service on Defendants, and Plaintiffs' apparent desire for entry of an injunction absent a hearing or a chance to respond.  *See* Fed. R. Civ. P. 65(a); *Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 2110-11 (11th Cir. 2003).

Emergency motions are appropriate in circumstances like these: "a person's life is in danger, a family is about to be thrown out of its home, or a ruinous calamity is about to descend upon the community at large."  *In re Yormak*, No. 2:20-cv-385-FtM-38, 2020 WL 3574516, at *1 (M.D. Fla. July 1, 2020).

The grant of "a preliminary injunction in advance of trial is an extraordinary remedy."  *E.g.*, *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011).  Along with the usual requirements for injunctive relief, a district court may issue an ex parte TRO,

> only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B). These requirements acknowledge "that informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974).

There is "a place in our jurisprudence for ex parte issuance, without notice, of temporary restraining orders of short duration" but not "where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate." *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968). Even if the filing is otherwise proper, the circumstances that justify a no-notice TRO "are extremely limited." *E.g.*, *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiffs' counsel provides no certification of any efforts to give notice or the reasons why it should not be required. To be sure, the allegations against Gold are serious. Among other things, Plaintiffs assert Gold has "wrongfully and illegally seized control and taken over AFLDS' resources and people." But the requirements of Fed. R. Civ. P. 65 "are not mere technicalities"; they "establish minimum due process" protections. *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-cv-20601-BLOOM/Louis, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020). Without any effort to show why notice should not be required, the Court cannot grant an ex parte TRO.

3

*E.g.*, *Gardner v. Mutz*, No. 8:18-cv-2843-T-33JSS, 2018 WL 6061447, at *2 (M.D. Fla. Nov. 20, 2018).

Plaintiffs' filing also runs afoul of Fed. R. Civ. P. 65(c). The Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c). Plaintiffs do not address security in their filing.

Additionally, despite Plaintiffs' citation to M.D. Fla. R. 6.01, they fail to meet its stated requirements. The words "Temporary Restraining Order" is not in the title. M.D. Fla. R. 6.01(a)(1). Plaintiffs do not provide the required precise and verified explanation of the amount and form of the required security, a supporting legal memorandum, and a proposed order. M.D. Fla. R. 6.01(a)(3)-(5), (b).

Accordingly, it is now

**ORDERED:**

1. To the extent Plaintiffs seek a Temporary Restraining Order on their Verified Complaint for Injunctive Relief and Damages (Doc. 1), it is **DENIED**.

2. To the extent Plaintiffs seek a Preliminary Injunction on their Verified Complaint (Doc. 1), it is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 8, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5