UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREE SPEECH FOUNDATION,
INC. and JOSEPH GILBERT, an
Arizona nonprofit corporation,

    Plaintiffs,

v.                                Case No.:  2:22-cv-714-SPC-NPM

SIMONE GOLD,

    Defendant.
                                      /

**ORDER**[1]

Before the Court is Plaintiffs Free Speech Foundation, Inc. d/b/a America's Frontline Doctors, Inc. ("AFLDS") and Joseph Gilbert's Verified Motion for Temporary Restraining Order and Preliminary Injunction and Incorporated Memorandum of Law. (Doc. 7).

First, some background is necessary. Defendant Simone Gold incorporated the nonprofit ALFDS and served as its Director and Executive Director from September 2020 through January 2022. Plaintiffs are the nonprofit AFLDS, and AFLD'S current Board Chairman, Joseph Gilbert.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Plaintiffs claim Gold resigned from the ALFDS Board in February 2022 and, from then on, was no longer an ALFDS employee. Instead, ALFDS contracted with Gold and her company, GoldCare, for consulting services.

After February 2022, the parties' relationship deteriorated. Plaintiffs make serious allegations against Defendant Simone Gold. Among them are illegally using AFLDS funds for her personal benefit; interfering with AFLDs' operations, funds, donor relationship, and employee relationships; improperly seizing control of AFLD'S information technology, bank accounts, money, and resources; fraudulently holding herself out as the representative, officer, and director of AFLDS; and disparaging Gilbert. Plaintiffs sue and now move for a temporary restraining order ("TRO") and a preliminary injunction before service.

A TRO is an "extraordinary and drastic remedy." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of a TRO is to preserve the status quo so a court may hear a reasoned resolution of the dispute. *United States v. DBB, Inc.,* 180 F.3d 1277, 1282 & n.5 (11th Cir. 1999).

Here, the Court denies Plaintiffs' request for a TRO for a number of reasons.

First, Plaintiffs' motion is procedurally deficient. Local Rule 6.01(a)(3) requires "a precise and verified explanation of the amount and form of the required security." M.D. Fla. R. 6.01(a)(3). This relates to the Fed. R. Civ. P.

2

65(c)'s requirement for security. Fed. R. Civ. P. 65(c) ("The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."). The Court directed Plaintiffs to this requirement in its previous order (Doc. 6). But the only thing Plaintiffs include about security is a fill-in-the-blank phrase in their proposed Order that Plaintiffs must file bond. They do not specify the appropriate amount or form and do not provide an explanation for any amount. This does not meet the local rule requirement.

Second, the Supreme Court has recognized that "informal notice and a hastily arranged hearing are to be preferred to no notice or hearing at all." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 432 n.7 (1974); *see also Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 320-21 (3d Cir. 2020) (explaining strict requirements for issuing *ex parte* TRO). Plaintiffs acknowledge that it is not their intent "to seek a no-notice hearing." (Doc. 7 at n.1). They have delivered the summons and complaint to a process servicer and have inquired of Defendant's counsel if they would accept service. *Id.* This is a situation where an arranged hearing can occur. To accomplish this, the Court orders Plaintiffs to serve the Complaint and file either proof of service of the Complaint, or

3

Waiver, on or before Wednesday, November 16, 2022. The Court will hold a status conference on a preliminary injunction hearing on November 18, 2022.

Third, at least some of Gold's alleged conduct was known to ALFDS for months, raising skepticism that the Court must act now *ex parte* with no hearing. Plaintiffs were aware of Gold's asserted inappropriate use of AFLDS funds since at least June 2022. By that time, Plaintiffs had "hired a forensic auditor, obtained a compensation study and had its outside accounting firm begin a financial audit in order to determine what next steps should be taken with regard to Gold's use of AFLDS funds for her personal use." (Doc. 7). Also, by October 4, 2022, Plaintiffs allege Gold made accusations against Gilbert, a claim in this case, and demanded board members resign and threatened litigation by October 12, 2022. Certainly, Plaintiffs allege more recent inappropriate conduct by Gold and the Court takes those allegations seriously. But the amount of time Plaintiffs knew about much of Gold's alleged, and substantial, inappropriate conduct speaks against this being a true emergency.

So the Court denies Plaintiff's motion to the extent that it seeks a TRO. Once Plaintiff serves the Complaint or obtains a waiver, the Court will set this matter for an in-person status conference to discuss a preliminary injunction hearing.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ([Doc. 7](Doc. 7)) is **DENIED** to the extent it seeks a temporary restraining order. The Court **RESERVES** ruling on a preliminary injunction.

2. The Court **ORDERS** Plaintiffs to serve the complaint and file either proof of service of the Complaint, or Waiver, on or before Wednesday, **November 16, 2022**.

3. The Clerk is **DIRECTED** to set this case for an in-person status conference on **November 18, 2022, at 10:30 a.m**. to discuss a preliminary injunction hearing.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record