# EXHIBIT 11

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant
Joseph Lombardo*



## FIRST JUDICIAL DISTRICT COURT

## CARSON CITY, NEVADA

JOEY GILBERT, an individual,

Plaintiff,

vs.

STEVE SISOLAK, in his official capacity as Governor of Nevada; BARBARA CEGAVSKE, in her official capacity as Secretary of State; and JOSEPH GLORIA in his official capacity as Clark County Registrar of Voters, JAMES B. GIBSON, in his official capacity as Chairman of the CLARK COUNTY BOARD OF COMMISSIONERS, and DEANNA SPIKULA in her official capacity as Washoe County Registrar of Voters and VAUGHN HARTUNG in his official capacity as Chair of the WASHOE BOARD OF COUNTY COMMISSIONERS, and JOSEPH LOMBARDO, putative Republican candidate for Governor of Nevada; and DOES 1 through 10 and ROES 1-10,

Defendants.

Case No.: 22 OC 000851B
Dept. No.: I

**ORDER GRANTING DEFENDANT JOSEPH LOMBARDO'S MOTION FOR SANCTIONS**

Page 1 of 5

The matter before the Court is the Motion for Sanctions filed by Defendant Joseph Lombardo ("Mr. Lombardo") on August 19, 2022. The Court, having reviewed the papers, pleadings and supporting exhibits and considered the arguments of counsel at the time of hearing, with good cause appearing and no just reason for delay, hereby rules as follows:

### I. FINDINGS OF FACT

1. At some point prior to filing his Statement on Contest ("Contest"), Mr. Gilbert and/or his counsel contacted Edward Solomon ("Mr. Solomon") and retained him to prepare a "Precinct Analysis" of the Clark County results in the 2022 Republican Gubernatorial Primary ("2022 Primary"), *i.e.*, the Solomon Report. Mr. Gilbert's counsel then retained Dr. Oliver Hemmers, Dr. Walter Daugherity and Dr. G. Donald Allen as testifying expert witnesses and provided them with the Solomon Report. All three expert witnesses were effectively retained to vouch for Mr. Solomon's theories and introduce his findings in the Solomon Report into evidence as all parties agreed Mr. Solomon is unqualified to be an expert in this action. To that end, Mr. Gilbert's expert witnesses interacted extensively with Mr. Solomon when preparing their reports and responding to issues raised by Mr. Lombardo's counsel and expert witnesses in this election contest.

2. Mr. Gilbert filed his Contest on July 15, 2022. Therein, Mr. Gilbert relied on a two-step process set forth in the Solomon Report to demonstrate he received more votes than Mr. Lombardo in the 2022 Primary. *See* Contest ¶ 24. The first step was to demonstrate that the result of the 2022 Primary is mathematically or geometrically "impossible" based on the assumption that "[i]n a fair election, we expect a strong linear correlation between Gilbert's Election Day, Mail-in and Early Vote percentages." *Id.* ¶¶ 28, 32. After purporting to establish that the reported results of the 2022 Primary are mathematically or geometrically "impossible," the second step in Mr. Solomon's theory was to "restore" the votes and determine the actual election results without the interference of a predetermined outcome or algorithm. *See* Contest ¶ 36

3.    As detailed in the Court's order granting summary judgment, Mr. Gilbert did not present any competent evidence that the allegedly flawed math means he received more votes than Mr. Lombardo as none of his proposed testifying expert witnesses offered any opinions on the concept of "restoration" or the results it would purportedly yield in the 2022 Republican Gubernatorial Primary Election. *See* Order dated August 11, 2022 (on file). Rather, to the extent Mr. Gilbert's expert witnesses offered opinions regarding "restoration," they were entirely based on the Solomon Report and, thus, inadmissible under Nevada law.

## II. CONCLUSIONS OF LAW

1.    NRS 18.010(2)(b) provides that a "court may make an allowance of attorney's fees to a prevailing party [ ] when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing part was brought or maintained without reasonable ground or to harass the prevailing party." NRS 7.085(1) further provides that "[i]f a court finds that an attorney has (a) [f]iled, maintained or defended a civil action or proceeding any court in this State and such action or defense is not well-grounded in fact or is not warranted by existing law or by an argument for changing the existing law that is made in good faith; or (b) [u]nreasonably and vexatiously extended a civil action or proceeding before any court in this State, the court shall require the attorney to pay the additional costs, expenses and attorney's fees reasonable incurred because of such conduct." Notably, in enacting NRS 18.010 and NRS 7.085, the Nevada Legislature expressly instructed that the Court shall liberally construe the statutes in favor of awarding attorney's fees to punish and deter frivolous or vexatious litigation.

2.    The Court is also entitled to exercise its inherent power to sanction litigants for bad faith conduct by awarding attorney's fees. *See Emerson v. Eighth Judicial Dist. Court*, 127 Nev. 672, 680-81, 263 P.3d 224, 229-30 (2011) (affirming that district courts have broad discretion to punish litigation misconduct); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

3. Courts have applied similar statutes to punish parties and their counsel for filing and maintaining frivolous election contests and other election-related litigation without any reasonable grounds to do so. *See, e.g.*, *King v. Whitmer*, 556 F.Supp.3d 680 (E.D. Mich. 2021) (imposing sanctions under Rule 11, § 1927 and the court's inherent authority "to deter the filing of future frivolous lawsuits designed primarily to spread the narrative that our election processes are rigged and our democratic institutions cannot be trusted"); *Gaddis v. McCullough*, 827 N.E.2d 66 (Ind. Ct. App. 2005) (imposing sanctions under Indiana's frivolous litigation statute where there was no reasonable or well-grounded basis for unsuccessful candidates' election contest); *Reid v. Dalton*, 100 P.3d 349 (Wash. Ct. App. 2004) (imposing sanctions under Washington's frivolous litigation statute where unsuccessful candidate maintained his meritless election contest after being threatened with sanctions by the prevailing candidate unless the contest was withdrawn); *In re: Contest of November 5, 2019 Gen. Election for Chancery Clerk of Quitman*, 329 So.3d 434 (Miss. 2021) (reversing circuit court's denial of attorney's fees to prevailing party under Mississippi's frivolous litigation statute where losing candidate brought election contest without substantial justification); *Davis v. Dunn*, 690 S.E.2d 389 (Ga. 2010) (imposing sanctions under Georgia's frivolous litigation statute where losing candidate failed to present any factual basis or admissible evidence to cast doubt on the election results).

4. The Court finds that Mr. Gilbert's Contest is a frivolous action that warrants sanctions under NRS 18.010(2)(b) and NRS 7.085(1). Mr. Gilbert did not—and could not—present any admissible evidence to support the case-dependent thesis that the restored election results show he received the most votes in the 2022 Primary. The fundamental lack of evidence on this pivotal issue proved fatal to the Contest as the Court granted summary judgment in Mr. Lombardo's favor at the conclusion of discovery. *See* Order dated August 11, 2022 (on file). Because "[a]n action is not well-grounded when there is no evidence to support it," *Watson Rounds, P.C. v. Eighth Judicial*

*Dist. Court*, 133 Nev. 1090, 391 P.3d 759, 2017 WL 1080061, at *1 (2017), Mr. Gilbert's failure to adduce any competent evidence regarding the key element of "restoration" is grounds for the imposition of sanctions under NRS 18.010(2)(b) and NRS 7.085(1) as he could never demonstrate that he prevailed in the 2022 Primary.

5. The Court further finds that Mr. Gilbert's contention that the results of 2022 Primary were mathematically or geometrically "impossible" does not rise to the level of a well-grounded claim under Nevada law. Indeed, based on the opinions of Mr. Lombardo's qualified expert witnesses, the Court finds Mr. Gilbert's claim regarding the "math" is highly dubious. But, even if his claim regarding mathematic or geometric "impossibility" was true, Mr. Gilbert still did not have any competent evidence to demonstrate that he won the 2022 Primary as would be required to prevail under NRS 293.410(2).

### III. ORDER

IT IS HEREBY ORDERED AND ADJUDGED that Mr. Lombardo's Motion for SANCTIONS is GRANTED.

IT IS FURTHER ORDERED that Mr. Lombardo shall submit his memorandum of attorney's fees on or before _October 11, 2022_

IT IS SO ORDERED on this _21_ day of September, 2022.

_____
DISTRICT COURT JUDGE

Respectfully submitted by:

CAMPBELL & WILLIAMS

By _____
J. COLBY WILLIAMS, ESQ. (5549)
PHILIP R. ERWIN, ESQ. (11563)
SAMUEL R. MIRKOVICH, ESQ. (11662)

*Attorneys for Defendant*
*Joseph Lombardo*