E
X
H
I
B
I
T

D

# EXHIBIT D

**OPERATING AGREEMENT**
**OF**
**NAPLES FREEDOM HEADQUARTERS, LLC,**
**a Florida Limited Liability Company**

**ARTICLE I**
**OFFICE AND PURPOSE**

Section 1.    <u>Name and Office of the Company</u>.

a.    The name of the Company is **NAPLES FREEDOM HEADQUARTERS, LLC.**

b.    The principal place of business of the Company shall be **405 Marsh Avenue, Reno, NV 89509**.  The specified office of the Company at which shall be kept the records required to be maintained by the Company under the Florida Limited Liability Company Act ("Act") shall be **405 Marsh Avenue, Reno, NV 89509**.

Section 2.    <u>Business of the Company</u>.  The business of the Company shall be to act and to engage in any and all lawful business activities and lawful purposes for which a limited liability company may be organized pursuant to the Act.

**ARTICLE II**
**OPERATION OF THE COMPANY**

Section 1.    <u>Member</u>.    **Free Speech Foundation, an Arizona not for profit corporation,** shall be the sole Member of the Company.

Section 2.    <u>Membership Interests</u>.  The ownership interests shall be expressed as a percentage of all membership interests in the Company at any particular time ("Membership Interests").  **Free Speech Foundation, an Arizona not for profit corporation** shall be the sole Member and shall own one hundred percent (100%) of the Membership Interests of the Company.  If additional Members are admitted, any decisions to be made on behalf of the Company, except for the day-to-day management and ministerial acts of the Company, shall require a vote of Members holding a majority of the then-outstanding Membership Interests in the Company.

Section 3.    <u>Manager</u>.  Except as otherwise expressly provided in this Agreement, the ordinary and usual decisions concerning the business affairs of the Company shall be made by the Manager.  There shall initially be one (1) Manager; however, the number of Managers may be increased or decreased but only upon the written consent of the Member.  The initial Manager shall be **Dr. Simon Gold** and she shall sign for, act on behalf of, and bind the Company in conjunction with: (a) the Company's day-to-day business operations, (b) selling or leasing all or substantially all of the Company's assets, (c) borrowing money on behalf of the Company, and/or (d) mortgaging all or substantially all of the Company's real and/or personal property.   The act

of the Manager for the purpose of carrying on the business or affairs of the Company, including the exercise of the authority indicated in this Section 3, shall bind the Company and no person or entity dealing with the Company shall have any obligation to inquire into the power or authority of a Manager acting on behalf of the Company.  The Manager shall have the authority to make all decisions and carry out all actions on behalf of the Company, without the consent of the Member, even if such action entails borrowing money on behalf of the Company, pledging or mortgaging Company property and/or selling all or substantially all of the Company's assets. The Manager may resign at any time for any or no reason by providing the Member with written notice.  The Manager's resignation shall be effective as of the date set forth in the notice.

Section 4.    Other Business.  The Member, including the Manager, may engage and/or possess an interest in other business ventures of any nature and description, independently or with others, whether or not in competition with the Company, and neither the Company nor any of the Member shall have any right in or to any independent venture or to any income or profit derived therefrom.  Neither the Member(s) nor the Manager shall be obligated to present any particular investment opportunity to the Company, even if such opportunity, if presented to the Company, could be taken by the Company.

Section 5.    Meetings.  The Company and the Member shall not be obligated to hold any meetings of the Member, except as specifically set forth hereunder.   In no event shall Member or the Company be required to hold an annual meeting.   Special Meetings of the Member shall be held when called for by the Manager or when requested in writing by any Member.  Such Special Meeting may be held informally by telephone or in person.

Section 6.    Company Books and Records.   The Manager shall be responsible for maintaining the books and records of the Company.  The Manager shall comply with all Internal Revenue Service rules and regulations.  The books of the Company shall be kept in accordance with generally accepted accounting principals and in accordance with the Internal Revenue Code and Regulations promulgated thereunder.  The Manager shall maintain a capital account for each Member in accordance with the tax accounting principles set forth in applicable Treasury Regulations to ensure the Company is treated as a "pass-through" entity for all tax purposes.

Section 7.    Distributions.    Any and all cash available for distributions to the Member(s) shall be allocated and distributed among the Member(s) in proportion to their respective Membership Interests in the Company.  Any cash available for distribution shall be applied as follows:

a.    First, to pay and discharge all the Company's debts and other liabilities then due and owing;

b.    Second, to establish a reserve for contingent liabilities of the Company, if necessary, in amounts agreed to by the Member(s);

c.    Third, the balance shall be paid to the Member(s) in proportion to their respective positive capital accounts;

d.      Lastly, the balance shall be paid to the Member(s) in proportion to their Membership Interests in the Company.

## ARTICLE III
## MISCELLANEOUS PROVISIONS

Section 1.      <u>Amendment</u>.   These regulations may only be amended by the written consent of the Member(s).

Section 2.      <u>Registered Agent</u>.  The Manager may in her discretion select any person to be the Registered Agent of the Company.   The Registered Agent need not be a Member. The initial Registered Agent shall be **Michael D. Gentzle**. The address for the initial registered agent shall be **4001 Tamiami Trail North, Suite 300, Naples, FL 34103**.

Section 3.      <u>Captions</u>.  Captions contained in these Regulations are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope of the Regulations or the intent of any provision hereof.

Section 4.      <u>Entire Regulations</u>.     This Operating Agreement and Regulations ("Regulations") embodies the entire agreement and understanding of the Member(s) with respect to the subject matter hereof, and supersedes all prior agreements and understandings of the Member(s) related to the subject matter hereof.   No amendment, modification, termination or waiver of any provision of the Regulations shall be effective unless the same shall be adopted as set forth herein in writing.

Section 5.      <u>Governing Law</u>.  These Regulations and the rights and liabilities of the Member(s) shall be determined in accordance with the laws of the State of Florida.  Venue for any dispute arising under these Regulations shall lie exclusively in a Court of competent jurisdiction in Collier County, Florida.

Section 6.      <u>Interpretation and Severability</u>.  The provisions of these Regulations shall be applied and interpreted in a manner consistent with each other so as to carry out the purposes and intent of the parties hereto, but if for any reason any provision hereof is determined to be unenforceable or invalid, such provision or part thereof determined to be unenforceable or invalid shall be deemed severed from these Regulations and the remaining provisions shall be carried out with the same force and effect as if the severed provision or part thereof had not been made part of these Regulations.

Section 5.      <u>Successors</u>.  Subject to the limits of transferability contained herein, any and all of the covenants, terms, provisions and agreements herein contained shall be binding upon and inure to the benefit of the successors, heirs and assigns of the respective parties.

IN WITNESS WHEREOF, the Member has executed this Agreement as of the date set forth above.

MEMBER:                                      MANAGER:

Free Speech Foundation,
an Arizona not for profit corporation

By:_____          _____

                                             **Dr. Simone Gold**