EXHIBIT H

EXHIBIT H

<u>AGREEMENT FOR CONSULTING SERVICES</u>

THIS AGREEMENT FOR CONSULTING SERVICES ("Agreement") made effective as of the 1st day of February, 2022 ("Effective Date"), by and between GoldCare Marketing Services, LLC ("Consultant"), and FREE SPEECH FOUNDATION, an Arizona nonprofit corporation DBA America's Frontline Doctors ("AFLDS"). Each may be referred to as a Party and together as the Parties.

W I T N E S S E T H:

WHEREAS, AFLDS is in the business of maintaining the physician-patient relationship in the face of government encroachment throughout the United States; and

WHEREAS, AFLDS wishes to contract with Consultant for marketing, fundraising, advocacy support, and strategic development to be the leading voice of common sense and scientific clarity in the fight to defend American's Civil Liberties, and other services of Consultant in the field of medical freedom;

WHEREAS, Consultant is willing and qualified to perform such services; and

WHEREAS, Consultant shall provide the services herein engaged primarily through Simone Gold, MD/JD and employees of Consultant working under the direct supervision of Simone Gold;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and intending to be legally bound, the Parties hereto agree as follows:

1. Beginning on the date of execution, Consultant shall act as a consultant to AFLDS and shall respond to reasonable requests from AFLDS for advice, public appearances, articles, interviews, trainings, messages to AFLDS' membership, attendance at board meetings, participation in subcommittees of the Board, fundraising, and consultation regarding the strategic direction, public relations, and communications strategies of AFLDS. For the avoidance of doubt, Consultant is not and shall not be, a member of the Board or any subcommittees of the Board.

2. Consultant, upon execution of this Agreement, shall be entitled to a one-time signing bonus of one and a half million Dollars ($1,500,000) as additional consideration for Consultant entering into this Agreement (the "Signing Bonus"). Consultant is fully vested in the Signing Bonus upon execution of this Agreement.

The Signing Bonus shall be payable by AFLDS on the following schedule:

a. $100,000 upon execution of this Agreement
b. $116,666 each month for 12 months, starting on the 10th day of the month following the execution of this Agreement.

3. For Consultant's services under and pursuant to this Agreement, Consultant shall, beginning as of the Effective Date of this Agreement, be paid compensation at the rate of fifty thousand Dollars ($50,000) per month as a Consultant's Fee, said compensation to be payable on or before the 10th day of the month following the month in which services were rendered.

4. During the duration of this Agreement, AFLDS shall grant Consultant, at no cost

to Consultant, with a private work space and accommodations at the Naples Freedom HQ, located at 808 Myrtle Terrace Naples, FL. Further, AFLDS shall allow Consultant, at no cost to Consultant, to use AFLDS' facilities as necessary to perform Consultant's obligations under this Agreement and to further AFLDS' goals.

5. AFLDS will reimburse consultant in accordance with AFLDS's policies in effect from time to time for traveling and other expenses reasonably incurred by Consultant in the performance of its duties and responsibilities under and pursuant to this Agreement.

6. In performing the consulting services herein specified, Consultant is acting as an independent contractor and is not to be considered an employee of AFLDS and shall not be entitled to any of the benefits that AFLDS provides for its employees. It is further understood that Consultant is free to contract for similar services to be performed for other organizations while she is under contract with AFLDS. Consultant may independently engage in any pursuits not directly opposed to AFLDS.

7. Since Consultant is an independent contractor, Consultant shall be responsible for payment of all federal, state and social security taxes, and AFLDS shall not be responsible for paying or withholding any of same.

8. Either Party may cancel this Agreement on thirty (30) days' written notice; otherwise, this Agreement shall remain in full force for a term of one (1) year from date hereof. This Agreement shall be renewed automatically for succeeding periods of one year each on the same terms and conditions as herein contained unless either the Consultant or AFLDS shall, at least thirty (30) days prior to expiration of any period, give written notice of its decision not to renew this Agreement.

9. Consultant shall refrain from disclosing, except to AFLDS, any professional secrets or information with respect to AFLDS or its members or affairs.

10. This Agreement shall be governed by the laws of the State of Florida and shall be construed in accordance therewith, but for Florida choice of law provisions, which shall not apply.

11. This Agreement shall not be modified or amended except by a further written document signed by Consultant and AFLDS. No provision hereof may be waived except by an agreement in writing signed by the waiving Party. A waiver of any terms or provisions shall not be construed as a waiver of any other term or provision.

12. Any notice required or permitted to be given under this Agreement shall be sufficient if in writing, and if sent by certified mail to Consultant's principal office, in case of notice to Consultant, or to the principal office of AFLDS, in case of notice to the AFLDS. This Agreement shall not be assignable by either AFLDS or Consultant.

13. The Parties agree that any legal action arising out of or related to this Agreement, all the rights and obligations of the Parties and all relationships between the Parties arising out of or in connection with this Agreement, shall be governed by and construed in accordance with the laws of the State of Florida, without regard to Florida choice of law provisions, which shall not apply.
   a. Any dispute between the Parties arising from or in connection with this Agreement, that is not settled amicably by the Parties, shall be referred to and determined by binding arbitration, conducted in the English language, in Naples, Florida, at a venue selected by the American Arbitration Association to the exclusion of all other available venues. The Parties hereby waive any defenses related to the forum,

      including but not limited to defenses based on personal jurisdiction or the doctrine of *forum non-conveniens*.

b. The binding arbitration shall be submitted to the American Arbitration Association and shall be conducted under the alternative dispute resolution rules then in force of the American Arbitration Association, except to the extent that those rules may conflict with any provision of this Section 13, in which case the provisions of this Section 13 shall control.

c. The arbitration proceeding shall be conducted by one (1) arbitrator, who shall have substantive expertise in Florida law, and who shall have been seated as an arbitrator by the American Arbitration Association in at least one prior arbitration.

d. The appointed arbitrator shall have the power to issue emergency and injunctive relief, and to employ other equitable, provisional and interim measures once appointed.

e. The appointed arbitrator shall have the sole and exclusive authority to rule upon the arbitrability of the proceeding, and to fully and finally resolve all challenges as to the forum or power of the arbitrator to proceed.

f. Any arbitral award shall be enforceable in accordance with the rules of the New York convention of 1958 on the recognition and enforcement of foreign arbitral awards.

g. Judgment on the award rendered by the arbitrator shall be final and shall not be subject to appeal of any nature, and may be entered in and enforced by any court having jurisdiction thereof.

h. The arbitrator shall award the prevailing party all costs and fees associated with the arbitration, including but not limited to all arbitration fees and costs, court reporter's fees, attorneys' fees and expert fees.

14. To the fullest extent provided or allowed by the laws of Florida, AFLDS shall indemnify defend and hold harmless, in the first instance, Consultant and Consultant's employees and agents from and against all costs, losses, liabilities, damages, claims and expenses (including, without limitation, attorneys' fees and costs as incurred in trial and on appeal, and settlements) incurred in its capacity as Consultant, including, without limitation, claims arising from any such Consultant's actions or inactions taken or omitted in furtherance of AFLDS or affairs of AFLDS.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective the date first mentioned in this Agreement.

**Free Speech Foundation**

By: _____

Chairman of the Board

**GoldCare Marketing Services, LLC**

By: _____
Simone Gold, Authorized Signatory
GoldCare Holdings, LLC